Charles **BARNES** and Shirley Barnes, Husband and Wife, Plaintiffs–Appellants,

v.

**MORRIS OIL CO.,** Defendant–Respondent.

**No. 27987.**

Missouri Court of Appeals, Southern District, Division One.

July 30, 2008.

Petition for Rehearing and Transfer Denied Aug. 22, 2008.

Application for Transfer Denied Sept. 30, 2008.

Richard L. Schnake of Springfield, MO, for plaintiffs-appellants.

John E. Price of Springfield, MO, for defendant-respondent.

JEFFREY W. BATES, Judge.

Charles and Shirley Barnes (Plaintiffs) sued Morris Oil Company (Defendant) for trespass and nuisance. After a jury trial, judgment was entered in favor of Defendant. On appeal, Plaintiffs contend the trial court erred by: (1) giving Instruction No. 7, a verdict-directing instruction for trespass tendered by Defendant; and (2) refusing Plaintiffs' proposed verdict-directing instruction. This Court affirms.

Because Plaintiffs' contentions on appeal involve only instructional issues, an abbreviated recitation of the facts will suffice. Plaintiffs own and operate Rocky's Restaurant in Branson, Missouri. Defendant purchases and sells petroleum products in the Branson area. In 1985, Defendant purchased property which abuts Plaintiffs' property. There is a petroleum bulk plant on Defendant's property.

When Defendant purchased the property, it contained three underground storage tanks for petroleum products. In addition, there were pipelines on the property that connected the tanks to pumps and the distribution system at the plant. Two of the tanks were removed in September 1998. The largest tank, a 10,000 gallon diesel tank, was closed in place and filled with sand. During the closure process, petroleum-contaminated soil was found around the tanks. Defendant hired an environmental firm to evaluate and remove the contaminated soil. As a part of the evaluation process, the firm drilled monitoring wells on Plaintiffs' property and concluded that there was groundwater and soil contamination on Plaintiffs' property as well. In several reports, the firm stated that the petroleum bulk plant on Defendant's property was the likely source of the contamination on Plaintiffs' land.

Thereafter, Plaintiffs filed suit against Defendant. Plaintiffs' petition alleged trespass and nuisance theories of recovery. At the instruction conference, the parties disagreed about how the jury should be instructed on the trespass theory. Plaintiffs' counsel tendered the following instruction:[1]

> Your verdict must be for plaintiffs Chuck and Shirley Barnes if you believe:
>
> First, plaintiffs are the owners of the property commonly known as Rocky's Restaurant located near the Morris Oil Company, Inc. petroleum storage and distribution system, and
>
> Second, Morris Oil Company, Inc. intentionally conducted activities which resulted in the groundwater beneath its property becoming contaminated with petroleum, and
>
> Third, the contaminated groundwater migrated from the Morris Oil Company petroleum storage and distribution system to plaintiff's [sic] property, and
>
> Fourth, as a direct result thereof, Plaintiffs' property sustained substantial damage.

Defendant objected to this instruction because it did not require the jury to find that the groundwater was contaminated at a level so as to constitute an actual interference with the possession of Plaintiffs' property. Citing *Williams v. Monsanto Co.*, 856 S.W.2d 338 (Mo.App.1993), Defendant argued that interference with possession of property is an essential element that is necessary to distinguish a trespass theory of recovery from a nuisance theory of recovery. Plaintiffs responded that their proposed instruction complied with their interpretation of *Williams* and should be given to the jury. Defendant then offered the following instruction:

> Your verdict must be for plaintiff is [sic] you believe:
>
> First, plaintiffs are the owners of the property commonly known as Rocky's Restaurant located near the Morris Oil Company, Inc. petroleum storage and distribution system, and
>
> Second, Morris Oil Company, Inc. intentionally conducted activities which resulted in the groundwater beneath its property becoming contaminated with petroleum, and
>
> Third, the contaminated groundwater migrated from the Morris Oil Company petroleum storage and distribution system to plaintiffs' property, and
>
> Fourth, the groundwater was contaminated at a level so as to constitute an actual interference with the possession of plaintiffs' property, and
>
> Fifth, as a direct result thereof, plaintiffs sustained damage.

After some discussion, the trial court refused Plaintiffs' proposed instruction and labeled it as Instruction No. A. Instead, the trial court decided to give Defendant's proposed instruction to the jury as Instruction No. 7. A separate verdict-directing instruction, Instruction No. 8, was given to submit the nuisance theory. The jury found in favor of Defendant on both theories. After entry of judgment, this appeal followed. Additional facts necessary to the disposition of the case are included below as we address Plaintiffs' points on appeal. Plaintiffs present three points for decision. To better facilitate our discussion of these issues, we will address Plaintiffs' last point first.

In Point III, Plaintiffs contend the trial court erred in refusing to give Instruction No. A because it submitted the ultimate facts necessary to sustain a verdict for Plaintiffs based upon a trespass theory of

1. Plaintiffs are represented by a different attorney on appeal.

recovery. A trial court must decide whether to give or refuse a particular instruction according to the law and the evidence in the case. Rule 70.02(a).[2] Missouri Approved Instructions contains only two verdict-directing instructions dealing with trespass. *See* MAI 22.01 [1996 Revision] (trespassing children); MAI 22.10 [2006 New] (constant trespassing). Neither is applicable in the case at bar. Instruction No. A was a not-in-MAI trespass instruction, tendered by Plaintiffs, which the trial court refused because it failed to follow the applicable substantive law.

The availability of trespass and nuisance as theories of recovery, and the differences between the two theories, in suits involving pollutants has been extensively discussed by our colleagues in the eastern district. *See Maryland Heights Leasing, Inc. v. Mallinckrodt, Inc.,* 706 S.W.2d 218 (Mo. App.1985); *Williams v. Monsanto Co.,* 856 S.W.2d 338 (Mo.App.1993); *Cook v. DeSoto Fuels, Inc.,* 169 S.W.3d 94 (Mo.App.2005).

In *Maryland Heights,* the plaintiffs' petition alleged tort liability for damage to their property caused by low-level radiation emanating from defendant's plant. *Maryland Heights,* 706 S.W.2d at 220. The petition included counts for nuisance and trespass. *Id.* The trial court dismissed the petition, *inter alia,* for failure to state a claim. *Id.* The eastern district held that plaintiffs' petition sufficiently alleged a count for nuisance because it alleged that defendant "unreasonably interfered with the use and enjoyment of [plaintiffs'] property, that the interference is substantial, and that this interference has resulted in injury to [plaintiffs]." *Id.* at 221. With respect to the trespass claim, plaintiffs alleged that the plant radiation physically invaded and caused damage to their property. *Id.* at 224. The eastern district first noted that, in Mis-

souri, "trespass is described as a direct physical interference with the person or property of another." *Id.* After reviewing a number of pollution cases from around the country, the eastern district held that plaintiffs' petition sufficiently alleged a count for trespass for the following reasons:

> The problems of proof attendant to a trespass claim for radioactive emissions also remain. The nature of the intrusion, radioactive emissions, makes difficult the determination of the extent of the interference. For the interference to constitute a trespass, appellants must prove the intrusion interfered with their actual possession, their right of exclusive possession, in order to distinguish between trespass and nuisance, an interference with mere use and enjoyment. Nevertheless, we conclude that radioactive emissions may constitute trespass. The "physical invasion" alleged by appellants, broadly construed, permits the inference that radioactive material has been deposited on appellants' property.

*Id.* at 225–26. Thus, the appellate court held that the allegation in plaintiffs' petition concerning the physical invasion of their property by radiation was sufficient to survive a motion to dismiss, but proof of trespass would require evidence that the radiation interfered with plaintiffs' actual possession of their property. *Id.*

In *Williams v. Monsanto Co.,* 856 S.W.2d 338 (Mo.App.1993), plaintiffs alleged that dust from defendant's abutting plant fell on plaintiffs' property, causing damage to vehicles parked there. The petition included counts for trespass and nuisance. *Id.* at 339–40. At the close of the evidence, the trial court directed a verdict against plaintiffs on the trespass count. Thereafter, the jury found for de-

---

**2.** All references to rules are to Missouri Court Rules (2006).

fendant on the nuisance count. *Id.* at 340. On appeal, plaintiffs contended the trial court erred in not submitting the trespass count to the jury. The eastern district again noted the important difference between nuisance and trespass theories of recovery:

> The availability and relationship between nuisance actions and trespass actions in suits involving pollutants was discussed thoroughly by Judge Simon in *Maryland Heights Leasing, Inc. v. Mallinckrodt,* 706 S.W.2d 218 (Mo.App. 1985). For trespass to lie the pollution must be at a level so as to constitute an actual interference with the possession of the land, not merely interference with its use and enjoyment.

*Id.* at 340. A review of the evidence demonstrated that plaintiffs only proved the dust from defendant's plant interfered with their use and enjoyment of the property. *Id.* at 341. Because plaintiffs failed to present evidence that the dust resulted in an actual interference with plaintiffs' possession of their land, the eastern district held that the trial court properly directed a verdict against plaintiffs on their trespass count. *Id.*

In *Cook v. DeSoto Fuels, Inc.,* 169 S.W.3d 94 (Mo.App.2005), the plaintiffs' petition alleged that their property had been contaminated by gasoline leaking from defendant's nearby underground storage tank. *Id.* at 99–100. The trial court granted summary judgment to defendant on the ground that plaintiffs' claim was barred by the statute of limitations. *Id.* at 101. On appeal, plaintiffs argued that their claim was not entirely time-barred. Once again, the eastern district described the difference between trespass and nuisance theories of recovery:

> [W]hile there are differences between a trespass and a nuisance cause of action, the two are neither mutually exclusive

nor inconsistent. Thus, where the elements of both actions are fully present, plaintiffs may choose to proceed upon one or both theories. While trespass involves interference with the plaintiffs' possessory rights and requires an intentional act that results in a physical invasion of the plaintiffs' property, nuisance involves an unreasonable land use that interferes with the plaintiffs' right of enjoyment and does not require an intentional act.... The [plaintiffs'] allegations that [defendant] caused gasoline to enter their property can constitute a claim for both trespass and nuisance because that contamination involves a direct physical invasion that interferes with both the right to possession and the use and enjoyment of property.

*Id.* at 102–03 (citations omitted). Thus, in addressing the statute of limitations issues, the eastern district assumed plaintiffs could prove their allegations that the contamination of their land by gasoline did actually interfere with their possession of the property. *Id.* Because the petition also alleged the existence of an ongoing or repeated flow or migration of gasoline from defendant's property onto plaintiffs' land, the appellate court held that plaintiffs' continuing trespass theory of recovery was not time-barred. *Id.* at 105–06. If proven, these allegations would permit plaintiffs to recover for a continuing trespass. *Id.* at 106.

As this review of the relevant case law illustrates, the verdict-directing instruction on Plaintiffs' trespass theory had to submit, as one of the ultimate facts, that the level of gasoline contamination on Plaintiffs' property was so significant that it resulted in actual interference with Plaintiffs' possession of their land. *See Williams,* 856 S.W.2d at 340. Instruction No. A omitted this essential element and, therefore, failed to follow the applicable

substantive law by submitting the ultimate facts necessary to sustain a verdict on Plaintiffs' trespass theory. The trial court did not err in refusing Instruction No. A. *See* 70.02(a) (instructions shall be given or refused by the court according to the law and evidence in the case); *Reis v. Peabody Coal Co.*, 997 S.W.2d 49, 71 (Mo.App.1999) (the test for a not-in-MAI instruction is whether it follows the applicable substantive law and can be readily understood by the jury). Point III is denied.

In Points I and II, Plaintiffs contend the trial court erred by giving Instruction No. 7 because the instruction was confusing and misleading and because it was not supported by the evidence. As both points fail for procedural reasons, we will address them together. At the instruction conference, Instruction No. A was the verdict-directing instruction tendered by Plaintiffs to submit their trespass theory to the jury. As noted above, Defendant objected to this instruction because it did not require the jury to find that the groundwater was contaminated at a level so as to constitute an actual interference with Plaintiffs' possession of their property. The trial court refused to give Instruction No. A, and Plaintiffs' counsel chose not to tender any alternative after being offered the chance to do so. Thereafter, Defendant tendered Instruction No. 7 to submit the trespass theory. Plaintiffs' counsel offered no objection whatsoever to this instruction. Instead, it was Defendant's counsel who offered several objections to the instruction and Plaintiffs' counsel who defended the instruction against such objections.

On appeal, Plaintiffs argue for the first time that Instruction No. 7 was confusing or misleading (Point I) and that the instruction was not supported by the evidence (Point II). A party must object to an instruction in order to preserve the objection for appellate review. *Letz v.*

*Turbomeca Engine Corp.*, 975 S.W.2d 155, 167 (Mo.App.1997). In relevant part, Rule 70.03 explains that "[c]ounsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Plaintiffs failed to do so; consequently, their objections to Instruction No. 7 are not preserved for review. *See Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 443 (Mo. banc 2002).

With respect to Point II, we also note that it was defense counsel who objected to Instruction No. 7 as not being supported by the evidence. It was Plaintiffs' trial counsel who sought to persuade the trial court that the instruction was supported by the evidence. Therefore, Point II presents an objection which is directly contrary to the position taken by Plaintiffs at trial. It is settled law that a party may not complain on appeal of an alleged error in which he joined, acquiesced or invited by his conduct at trial. *In re Marriage of Murphey*, 207 S.W.3d 679, 685 (Mo.App.2006). For the foregoing reasons, Points I and II are denied.

The judgment of the trial court is affirmed.

PARRISH, P.J., and SCOTT, J., Concur.